In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00218-CR


______________________________




SAMUEL JAMES WALKER, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Morris County, Texas


Trial Court No. 8194-A




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Samuel James Walker, Jr., appeals his conviction by a jury of aggravated robbery
and the jury's assessment of ten years' imprisonment. His attorney filed an appellate brief
in which he concludes that, after a review of the record and the related law, the appeal is
frivolous and without merit. He has evaluated the record and has found no error that
arguably supports an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Walker did
not file a response pro se. 

 In his Anders brief, counsel raises the arguable issue that the trial court erred in
denying Walker's motion to suppress the pretrial identification of Walker because the
identification procedure was impermissibly suggestive, thereby rendering any subsequent
identification tainted. We review the denial of a motion to suppress by giving almost total
deference to a trial court's determination of historical facts and reviewing de novo the
court's application of the law. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000). When the trial court does not make explicit findings of historical fact, we review the
evidence in the light most favorable to the trial court's ruling. Id. at 327-28. In determining
whether a trial court's decision is supported by the record, we generally consider only
evidence adduced at the suppression hearing, because the ruling was based on that
evidence rather than evidence introduced later. Rachal v. State, 917 S.W.2d 799, 809
(Tex. Crim. App. 1996). 

 Before trial, Walker filed a motion to suppress the picture identification, contending
the picture identification was impermissibly suggestive to the extent that it caused the
victim, Lilly Barnes, to misidentify Walker. At the hearing on the motion to suppress, only
two witnesses testified, Officer Gary Porter and Barnes. Porter testified that, on the
evening Barnes was assaulted and robbed in her home, he prepared a five-photograph
spread for her to examine and instructed her not to pick anybody out unless she definitely
recognized the person who assaulted her and stole her money. According to Porter's
testimony, neither he nor any other officer suggested any particular photograph for Barnes
to select. Porter further testified Barnes looked at the whole picture spread and almost
immediately, within ten seconds, pointed to number two and said, "[T]hat's him." 
Photograph number two was a photograph of Walker. Porter testified Barnes signed and
dated the photograph she identified, and then he signed and dated the photograph.

 Porter also testified that, when choosing photographs for the lineup, he
concentrated on photographs that resembled the description provided by Barnes, that of
an African-American male, around the age of thirty, and wearing a yellowish shirt. He
included Walker's photograph in the lineup because Barnes told him the individual who
robbed her lived down the street with his mother and mowed Barnes' yard. Porter testified
he had personal knowledge Walker had done yard work for Barnes and that Walker's
mother lived down the street. 

 Barnes, the seventy-seven-year-old victim of the aggravated robbery, was called by
Walker to testify at the hearing. Although Barnes testified that she did not remember
signing the photograph she identified and that the signature on that photograph did not
look like hers, she also testified no one told her the suspect was in the photographic lineup
and, she stated, "I picked him out myself." She testified she did not know the other
individuals in the photographs, only "the one that beat me up." She also testified she told
the police Walker, who had mowed her yard about a week and a half before the robbery,
was the one who assaulted her.

 In Simmons, the United States Supreme Court established a two-part test to be
used in challenging a pretrial identification. Simmons v. United States, 390 U.S. 377, 384,
88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The defendant must prove 1) the pretrial
identification was impermissibly suggestive, and 2) under the circumstances, the
impermissibly suggestive identification created a substantial likelihood of misidentification. 
Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988). To determine the latter,
courts should consider as nonexclusive factors: 1) the opportunity of the witness to view
the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of
the witness' prior description of the criminal; 4) the level of certainty demonstrated at the
confrontation; and 5) the time between the crime and the confrontation. Manson v.
Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140, 153-54 (1977); Webb, 760
S.W.2d at 269. 

 All the photographs shown to Barnes were close-ups of the individuals' faces. All
were African-American males of roughly the same weight through the face and all were
around the age of thirty. All had similar facial hair and the same color hair, and Porter
testified all the photographs came from the Morris County Sheriff's Department files. 
Photograph one contained a placard at the bottom of the photograph with the words
"MORRIS COUNTY, TX SHERIFF'S OFFICE"; photographs three and four each had a
placard at the bottom with the words "MORRIS COUNTY, TX"; photographs two (Walker's)
through five had portions of the top of the individuals' heads not showing. Walker
specifically complains about number five, contending that a portion of his head was not
showing, and because of this, his haircut was not visible. Although less of the individual's
head in number five was showing than in the other photographs, that does not prevent the
viewer from seeing the haircut. All of the individuals shown in the photographs had closely-cut hair except the individual in number four. Walker contends his photograph was more
of a close-up than the others. However, all of the photographs were close-ups of varying
degrees, but it cannot be said that Walker's was any more of a close-up than number five. 
We find that Walker has not met his burden under the first prong of the Simmons test. 
Simmons, 390 U.S. at 384.

 Nonetheless, in the interest of justice, we will also examine the record to see if
Walker proved the second prong of that test. The second prong provides the defendant
must prove that, under the circumstances, the impermissibly suggestive identification
created a substantial likelihood of misidentification. Webb, 760 S.W.2d at 269. In this
case, Barnes had the opportunity to view Walker during the assault and robbery, and
provided the police with a physical description shortly after the assault and identified where
he lived. Barnes unequivocally identified Walker from the photographic lineup about two
hours after the incident and signed her name to the photograph. Based on the
circumstances, even if the photographic lineup had been impermissibly suggestive, which
we hold it was not, the evidence provided at the hearing on the motion to suppress does
not show a substantial likelihood of misidentification. 

 Despite the differences in the photographs, none of the photographs are more
suggestive or stand out more than any of the others. There is no evidence the police acted
impermissibly in suggesting to Barnes which, if any, of the photographs might be her
attacker. We hold the trial court did not err in denying the motion to suppress.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: June 4, 2002

Date Decided: June 26, 2002


Do Not Publish



on Locked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00158-CR

                                                ______________________________

 

 

                                 RAYMOND KEITH WALLS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR01626

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Raymond
Keith Walls appeals from his conviction for sexual assault.  See
Tex. Penal Code Ann. § 22.011
(West 2011).  Walls attorney on appeal
has filed a brief which discusses the record and reviews the proceedings in
detail, providing possible issues, but explaining why they cannot succeed.  Counsel has thus provided a professional
evaluation of the record demonstrating why, in effect, there are no arguable
grounds to be advanced.  This meets the
requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1981); and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Walls November 16, 2011, informing
Walls of his right to file a pro se response and his right to review the record
of the trial proceedings in doing so.  Walls
brief was due to be filed in this Court December 16, 2011.  As of this date, no brief has been filed and no
request for extension has been made.  Counsel
has also filed a motion with this Court seeking to withdraw as counsel in this
appeal.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623
(2005).  We, therefore, agree with
counsels assessment that no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 82627
(Tex. Crim. App. 2005).

            We take
note, though, of two inaccuracies in the trial courts judgment.   The jury found Walls not guilty of
aggravated sexual assault and convicted him of sexual assault.  The judgment should cite Section 22.011 of
the Texas Penal Code, not Section 22.021, and we amend the judgment to reflect
the correct statute.  Likewise, the
judgment states Walls pled true to the two enhancement paragraphs, where in
fact he pled not true.  We amend the
judgment to reflect Walls pleas.[1]

            As amended,
the trial courts judgment is affirmed.[2]

 

 

            

                                                

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:          January
30, 2012         

Date Decided:             January
31, 2012

 

Do Not Publish           

 

 

 











[1]Appellate
courts have the authority to reform the judgment to make the record speak the
truth when the matter has been called to its attention by any source.  French
v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In Asberry
v. State, 813 S.W.2d 526 (Tex. App.Dallas
1991, pet. refd), the court noted that the authority of the appellate court to
reform incorrect judgments is not dependent on request of any party and that
the appellate court may act sua sponte.  The Texas Rules of Appellate Procedure provide
direct authority for this Court to modify the judgment of the trial court.  Tex.
R. App. P. 43.2(b).

 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing or for en banc
reconsideration was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with the clerk of the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3 (amended by the
Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011).  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 68.4.